UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON MITCHELL | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:13-cv-3769 |
| | § | JURY |
| AUSTIN INDUSTRIES, INC. | § | |
| | § | |
| DEFENDANT | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Jason Mitchell ("Plaintiff") files this Original Complaint and respectfully shows the Court as follows:

### A.
### PARTIES

1.      Plaintiff is an individual citizen of the State of Texas and resides in Harris County, Texas.  Plaintiff was employed by Baker Petrolite Corporation at the time of his injury.

2.      Defendant Austin Industries, Inc. is a corporation that is organized and incorporated under the laws of the State of Delaware and is conducting business in the Houston Division of the Southern District of Texas.  Defendant may be served with process by serving its registered agent The Prentiss Hall Corporation System, Inc. located at 211 E. 7th Street, Suite 620, Austin, Texas  78701.

## B.
## JURISDICTION AND VENUE

3.    The Court maintains diversity jurisdiction over the parties, as the parties are from different states and the amount in controversy exceeds $75,000, excluding interests and costs.

4.    Venue is proper in the Houston Division of the Southern District of Texas because all or a part of the events giving rise to the cause of action asserted herein took place in the Houston Division of the Southern District of Texas, and because Plaintiff resides in the Houston Division of the Southern District of Texas.

## C.
## FACTS

5.    This is a workplace injury case.  On December 30, 2011, the Plaintiff was working for his employer, Baker Petrolite Corporation (a division of Baker Hughes) as a support operator at a chemical plant in La Porte, Texas.  Plaintiff, and another man employed by a different company (whose identity is unknown to the Plaintiff), were exposed to glacial acetic acid.  Plaintiff was informed after the incident that a root cause analysis performed at the plant identified the negligence of Austin Industries employee(s) as the root cause of the injuries sustained by the Plaintiff and the aforementioned, unidentified man.  Plaintiff was informed after the incident that Austin Industries employee(s) failed to make necessary repairs and maintenance on a tank containing glacial acetic acid in the plant and thus, a leak occurred, subjecting Plaintiff to exposure of the same.  Plaintiff was transported by ambulance after the exposure to glacial acetic acid, and was vomiting blood due to the chemical exposure.

He was diagnosed with bronchitis following the exposure, experienced respiratory problems, as well as burning in his eyes and throat.

## D.
### CAUSES OF ACTION

6.      Defendant had a duty to exercise the degree of care that a reasonably careful Company would use to avoid harm to others under circumstances similar to those described herein.  Specifically, Defendant had a duty according to its agreements with Baker Petrolite Corporation and/or Baker Hughes to perform repairs and maintenance at the plant where Plaintiff was employed.  Plaintiff's injuries were thus proximately caused by Defendant's negligent, careless and reckless disregard of said duty. Plaintiff complains that the Defendant was negligent, specifically, in one or more of the following respects:

(a)     Exposing Plaintiff to an unsafe work environment;

(b)     Failing to warn or inform Plaintiff that repairs and/or maintenance to the area in question was still required;

(c)     Failure to take precautionary measures or to avoid the incident in question, to wit:  making the necessary repairs and or maintenance to prevent a chemical leak;

(d)     Failure to properly supervise its employees to ensure that they had taken the necessary measures to restrict access to the area of the plant in question;

(e)     Failure to institute proper safety rules and regulations which promulgated reasonable steps to ensure Plaintiff was not exposed to glacial acetic acid.

Each of the foregoing acts and/or omissions of Defendant, singularly or in combination, constitute negligence and are a proximate cause of Plaintiff's injuries and resulting damages.

3

### E.
### JURY DEMAND

7. In accordance with FEDERAL RULE OF CIVIL PROCEDURE 38(b), Plaintiff hereby demands a trial by jury on all issues triable to a jury.

### F.
### PRAYER

8. WHEREFORE, Plaintiff respectfully requests that Defendant be ordered to appear and answer, and that after trial on the merits, the Court award Plaintiff, as a result of the incident made the basis of this lawsuit, fair and reasonable compensation for:

   1. Medical care expenses incurred in the past;

   2. Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

   3. Physical pain sustained in the past;

   4. Physical pain that, in reasonable probability, Plaintiff will sustain in the future;

   5. Mental anguish sustained in the past;

   6. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

   7. Loss of earning capacity sustained in the past;

   8. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

9. Physical impairment sustained in the past;

10. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

11. An award of exemplary damages as permitted under law or equity;

12. An award of taxable court costs under law or equity;

13. Prejudgment and post-judgment interest as permitted by law; and

14. All other relief, in law or equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

**TERRY & THWEATT, P.C.**

By: /s/ L. Lee Thweatt
L. Lee Thweatt
Texas Bar No. 24008160
Federal I.D. No. 36618
Joseph D. Terry
Texas Bar No.  24013618
Federal Bar No. 24206
One Greenway Plaza, Suite 100
Houston, Texas  77046-0102
(713) 600-4710 (Telephone)
(713) 600-4706 (Telecopier)
lthweatt@terrythweatt.com
jterry@terrythweatt.com

**ATTORNEYS FOR PLAINTIFF**